UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

REPORT AND RECOMMENDATION

* * * * * * * * * * * * * * * * * * *

Shane Logsdon,

                Plaintiff,

vs.


St. Paul Police Department Central
District (LEC), Erik M. Johnson,
and Kenneth Reginek,

                Defendants.        Civ. No. 09-183 (PAM/RLE)

* * * * * * * * * * * * * * * * * * *

## I.  Introduction

This matter came before the undersigned United States Magistrate Judge

pursuant to a general assignment, made in accordance with the provisions of Title 28

U.S.C. §636(b)(1)(B), upon the Defendants' Motion to Dismiss, or for Summary

Judgment.  For these purposes, the Plaintiff Shane Logsdon appears pro se, and the

Defendants appear by Portia M. Hampton-Flowers, Assistant St. Paul City Attorney.

For reasons which follow, we recommend that the Defendants' Motion be granted.

## II. Factual and Procedural History

On January 28, 2009, the Plaintiff commenced this action under Title 42 U.S.C. §1983, in which he asserts violations of his rights by the Defendants, in connection with his arrest on June 26, 2006. See, Complaint, Docket No. 1, at p. 4. The Defendants are the St. Paul Police Department ("Department"), and two (2) of the Department's Police Officers who were involved in the Plaintiff's arrest -- namely, Officers Erik Johnson ("Johnson"), and Kenneth Reginek ("Reginek")[1](collectively, the "Officers"). On May 12, 2009, the Defendants filed an Answer to the Complaint, see, Answer, Docket No. 13, and on June 15, 2009, the Defendants filed a Motion to Dismiss, or for Summary Judgment, see, Docket No. 15. In their Motion, the Defendants contend that the Plaintiff's claims must be dismissed because he has failed to properly plead a Federal claim or constitutional violation, and because the Court lacks personal jurisdiction over Reginek and Johnson, by virtue of the Plaintiff's failure to properly serve those Defendants. The Plaintiff has not responded to the pending Motion.

---

[1]The arresting officer was actually named Anthony Reginek who, it appears, the Plaintiff probably means to sue, rather than Kenneth Reginek. Hereinafter, we simply refer to the Officer as Reginek, as we need not resolve this discrepancy, given our Recommendation.

The facts, as pertinent to our Recommendation, may be briefly summarized. On June 25, 2006, while on patrol in St. Paul, Minnesota, Johnson and Reginek observed the driver of a vehicle, who they immediately recognized as the Plaintiff. See, <u>Complaint</u>, supra at p. 23 of 25. Earlier that day, the police had received a report, that the Plaintiff had threatened his family, that he had been using methamphetamine all day, that he was in possession of a firearm, and that he was subject to an active Felony Warrant from the Minnesota Department of Corrections. <u>Id.</u> The Officers attempted to initiate a traffic stop, but the Plaintiff refused to comply, and a police chase ensued. <u>Id.</u> During that chase, the Officers observed the Plaintiff making furtive movements, as if he were reaching for something inside the passenger compartment, which led them to believe that he was attempting to conceal, or hide, a weapon. <u>Id.</u> at pp. 23-24 of 25.

During the chase, the Plaintiff abruptly swerved, causing his vehicle to roll over. <u>Id.</u> at p. 24 of 25. According to the police report, the Officers observed several items fly out of the passenger side window of the Plaintiff's car, as the vehicle was crashing. <u>Id.</u> Believing the Plaintiff to be armed, Reginek drew his sidearm, and Johnson approached the vehicle, and pulled the Plaintiff out of the driver's side window. <u>Id.</u> According to the Officers, the Plaintiff was not cooperative with their

efforts to handcuff him, which resulted in a struggle, during which the Officers used

force in an attempt subdue the Plaintiff. Id. The Officers eventually used a Taser,

which allowed them to handcuff the Plaintiff, and place him in a squad car. Id.

With respect to this incident, the Plaintiff alleges as follows:

> On 6-25-06 I was driving down Maryland ave a [sic] the
> cop hit his lites [sic] and I had a gun and a warent [sic] so
> I didn't pull over and a little past Jackson I swerved and
> rolled the car I was shook up and the cops were yelling and
> I put my hands out the window and they pulled me out and
> as soon as I hit the ground they started to beat me up they
> knocked me out. and I woke up to them tasing [sic] me and
> masing [sic] me and they continue [sic] to beat me up. I
> was only 160 pounds doped out they were mad because I
> didn't pull over they didn't even call for back up they
> cowboyed it and it wond [sic] me up in the ICU on life
> support.

Id. at p. 5 of 25.[2]

For relief, the Plaintiff seeks compensatory damages, "monetary relief," and

"municipal liability." Id. at p. 4 of 25.

Olivia Scullark ("Scullark"), who is an Office Assistant within the Department,

and who is responsible for tracking all of the legal process it receives, avers that, in

April of 2009, two (2) copies of the Summons and Complaint in this action were

---

[2]The Defendants do not contest Logsdon's factual allegations, at least for the
purposes of this Motion. See, Defendants' Memorandum, Docket No. 16, at p. 2 n.
2.

delivered, by United States mail, to the Department.  See, <u>Affidavit of Olivia Scullark,</u> <u>("Scullark Aff."),</u> <u>Docket No. 17</u>, at ¶4.  According to Scullark, the copies did not contain the proper address of the Department, but one was addressed to Kenneth Reginek, and one was addressed directly to the Department.  <u>Id.</u> at ¶¶3-4. According to Scullark, the Department received no other documents concerning this case.  <u>Id.</u> at ¶6.

The Defendants filed their Motion on June 15, 2009, and the next day, on June 16, 2009, Affidavits of Service were filed, which appear to indicate that a United States Marshal served the named Defendants, or perhaps attempted to serve the named Defendants, with copies of the Summons and Complaint, on May 12, 2009.  See, <u>Docket No. 21</u>.  As to the Department and Johnson, the Affidavits advise that there is "legal evidence of service," and that the person executed service as shown in the "Remarks" section of the forms.  <u>Id.</u>  In the Remarks section, a United States Marshal wrote as follows: "5/12/9 -- 'Defendants Answer to Plaintiffs Complaint' filed."  <u>Id.</u> However, the portion, which indicates the name and title of the individual, who was purportedly served, was not completed.  On the Affidavit as to Reginek, the person

merely noted that the date of service was May 12, 2009, and again, that the Defendants' Answer to the Plaintiff's Complaint was filed on May 12, 2009.[3]

With this as our backdrop, we turn to address each of the Defendants' arguments, in turn.

## III. Discussion

A.   Whether the Plaintiff Has Established a Claim Against the Officers in their Individual Capacities.

---

[3]Insofar as the Officers claim that the Court is without personal jurisdiction over them, because of the Plaintiff's failure to properly serve them in accordance with the Federal Rules of Civil Procedure, we find that the Record is ambiguous, at best. Notably, one (1) day after the Defendants' Motion to Dismiss was filed -- in which they argued the insufficiency of the service of process, the Affidavits of Service were filed, reflecting otherwise, it would appear. Whatever the notations made on the Affidavits of Service are meant to convey, we are unable to say. Nevertheless, as the Affidavits were filed after the Defendants' Motion, and because the Defendants have made no additional submissions to the Court since that time, the issues raised by that filing have not been addressed by them. Accordingly, on the Record before us, we cannot definitively determine whether service has been properly effected upon the Officers. We do not find that service of process was properly effected, we simply assume, without deciding that it was, for the issue is extraneous to the result we recommend.

We are mindful that the Defendants did, in fact, file their Answer on May 12, 2009. See, Docket No. 13. There might be some arguable basis to presume that service may not have been attempted after the Defendants' Answer was filed, but we do not engage in such conjecture.

1.     Standard of Review.  "When reviewing a Rule 12(b)(6) dismissal for failure to state a claim, we look only to the facts alleged in the complaint and construe those facts in the light most favorable to the [nonmoving party]."  Riley v. St. Louis County, 153 F.3d 627, 629 (8th Cir. 1998), cert. denied, 525 U.S. 1178 (1999), citing Double D Spotting Serv., Inc. v. Supervalu, Inc., 136 F.3d 554, 556 (8th Cir. 1998); see also, Maki v. Allete, Inc., 383 F.3d 740, 742 (8th Cir. 2004).  In addition, all reasonable inferences, from the facts alleged in the Complaint, must be drawn in favor of the nonmoving party.  See, Maki v. Allete, Inc., supra at 742.  "A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief."  Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001), citing Breedlove v. Earthgrains Baking, 140 F.3d 797, 799 (8th Cir. 1998), cert. denied, 525 U.S. 921 (1998); see also, Maki v. Allete, supra at 742; Helleloid v. Independent School Dist. No. 361, 149 F. Supp. 2d 863, 866-67 (D. Minn. 2001).[4]

---

[4]We recognize that the "no set of facts" standard, in reviewing Motions to Dismiss, was abrogated by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 562-563 (2007)(the standard in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), of "no set of facts" "has earned its retirement.").  Nevertheless, the abrogation
(continued...)

"Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young v. City of St. Charles, supra at 627, citing Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). "To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions." Id., citing Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir. 1998).

A Motion to Dismiss can be converted to a Rule 56 Motion for Summary Judgment if "matters outside the pleadings are presented to and not excluded by the court." Rule 12(d), Federal Rules of Civil Procedure. However, a Court may consider some information, which is not contained within the Complaint -- such as materials that are part of the public record, and materials that are necessarily embraced by the pleadings -- without transforming the Motion into one for Summary Judgment. See, Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999); see, Enervations, Inc. v. Minnesota Mining and Manufacturing Co., 380 F.3d 1066, 1069

---

[4](...continued)
did not change the Court's "accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 546. Here, we apply the Supreme Court's "accepted pleading standard."

(8th Cir. 2004); <u>Stahl v. United States Dep't of Agriculture</u>, 327 F.3d 697, 700 (8th Cir.

2003). Here, because our decision, as to this aspect of the Defendants' Motion, rests

entirely upon the pleadings, and upon those documents which are necessarily

embraced by the Plaintiff's Complaint, we analyze the Motion under the framework

of Rule 12(b)(6), rather than under the regimen of Rule 56.

2.    <u>Legal Analysis</u>.    The Plaintiff seeks relief under Title 42 U.S.C.

§1983, for alleged violations of his Federal constitutional rights. As a threshold

matter, we consider the Officers' argument, that the Plaintiff has sued them in their

official capacities only. In his Complaint, the Plaintiff did not specify whether he was

suing the Officers in their individual, as well as their official capacities. Indeed, in the

relief section of his Complaint, the Plaintiff requests "municipal liability." See,

<u>Complaint</u>, supra at p. 4 of 25. The Officers contend that this is insufficient to plead

a claim, under Section 1983, against the Officers in their individual capacities. We

agree.

Under Section 1983, a public employee may be sued officially, individually, or

both. See, <u>Johnson v. Outboard Marine Corp.</u>, 172 F.3d 531, 535 (8th Cir. 1999).

Since public officials must be put on notice that they will be exposed to personal

liability, the Court of Appeals for the Eighth Circuit has adopted a strict pleading

standard for commencing a Section 1983 action against public officials who are being sued in their individual capacities. See, <u>Andrus v. Arkansas</u>, 197 F.3d 953, 955 (8th Cir. 1999); <u>Egerdahl v. Hibbing Community College</u>, 72 F.3d 615, 619 (8th Cir. 1995); <u>Artis v. Francis Howell N. Band Booster Assoc., Inc.</u>, 161 F.3d 1178, 1182 (8th Cir. 1998). Accordingly, "in order to sue a public official in his or her individual capacity, a plaintiff must **expressly and unambiguously** state so in the pleadings, otherwise it will be assumed that the defendant is sued only in his or her official capacity." <u>Johnson v. Outboard Marine Corp.</u>, supra at 535 [emphasis added]; <u>Egerdahl v. Hibbing Community College</u>, supra at 619 ("If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official capacity claims."); <u>Nix v. Norman</u>, 879 F.2d 429, 431 (8th Cir. 1989)("Section 1983 litigants wishing to sue government agents in both capacities should simply use the following language: Plaintiff sues each and all defendants in their individual and official capacities.")[quotation omitted]; <u>Miskovich v. Indep. Sch. Dist. 318</u>, 226 F. Supp. 2d 990, 1013 (D. Minn. 2002).

While the requirement is strict, it "is not a burdensome requirement; a §1983 plaintiff need only state **somewhere** in the complaint that the plaintiff 'sues each and all defendants in both their individual and official capacities." <u>Lopez-Buric v. Notch</u>,

168 F. Supp.2d 1046, 1050 (D. Minn. 2001)[emphasis in original, quotation omitted].

Here, the Plaintiff has not complied with this requirement, because his Complaint does not contain a clear statement of his intent to sue the Officers in their personal capacities. Cf., Egerdahl v. Hibbing Community College, supra at 620 ("Neither a cryptic hint in a plaintiff's complaint nor a statement made in response to a motion to dismiss is sufficient."); McKenzie v. Frokjer, 2009 WL 1392635 at *1 (D. Minn., May 15, 2009)(plaintiff's claim for punitive damages and the defendants' inclusion of affirmative defense of qualified immunity is not sufficient to establish individual capacity claims); Vong v. Loftness, 2008 WL 2690293 at *3 (D. Minn., June 30, 2008)(the plaintiff failed to expressly, and unambiguously, state that he was suing defendants in their individual capacity, and a statement in his response to a Motion to Dismiss was insufficient to establish individual capacity claim).

Notably, the Plaintiff has stated that he is seeking "municipal liability," and we find that this assertion militates against any suggestion that he is suing the Officers in their individual capacities. Moreover, the Plaintiff has made no attempt to counter the Officers' contention, that the suit is against them in their official capacities only, as, indeed, he has filed no response to the pending Motion. As a consequence, we conclude that the Plaintiff has sued the Officers in their official capacities only.

Under Section 1983, a suit against a public employee, in his or her official capacity, is deemed to be a suit against the employer only. See, <u>Kentucky v. Graham</u>, 473 U.S. 159, 165 (1985); <u>Johnson v. Outboard Marine Corp.</u>, supra at 535; <u>Eagle v. Morgan</u>, 88 F.3d 620, 629 n.5 (8th Cir. 1996). As a result, we find that the Plaintiff's claims against the Officers to be suits against their employer -- that is, the City of St. Paul.[5]

B.    <u>Whether the Plaintiff has Stated an Actionable Section 1983 claim</u>.

The City contends that, to the extent we construe the Plaintiff's Complaint as asserting a Section 1983 claim against the City, the City is entitled to

_____

[5]The Department contends that it must be dismissed from this lawsuit, as a Defendant, because it is not a legal entity which is subject to suit. See, <u>Defendants' Memorandum</u>, supra at p. 6. Of course, the Department, itself, is not subject to suit, since it is not a legal entity. See, <u>Russell v. City of Overland Police Department</u>, 838 F. Supp. 1350, 1352 (E.D. Mo. 1993)(finding that a police department is not a suable entity, and construing <u>pro</u> <u>se</u> Complaint to be against the municipality, which is a proper suable entity); <u>Ketchum v. City of West Memphis, Ark.</u>, 974 F.2d 81, 82 (8th Cir. 1992)(a police department is not separate juridical entity suable as such); <u>Mosley v. Reeves</u>, 99 F. Supp.2d 1048, 1053-1054 (E.D. Mo. 2000)(finding that a police department was not legal entity subject to suit, but construing Complaint to be against the city). As such, we construe the Plaintiff's claims against the Department to be claims against the City of St. Paul. Given our Recommendation, that the Plaintiff's claims against the Officers are also, in effect, claims against the City, this determination has little legal impact. Nevertheless, we have addressed the issue in the interests of completeness. In addition, since we have found that all of the Plaintiff's claims are effectively claims against the City of St. Paul, hereinafter we will refer to all of the Defendants, collectively, as "the City."

Summary Judgment.  As noted, the Plaintiff has not filed a response to the City's

Motion.  Accordingly, we turn to a consideration of the City's remaining arguments.[6]

     1.   <u>Standard of Review</u>.  Summary Judgment is not an acceptable

means of resolving triable issues, nor is it a disfavored procedural shortcut when there

are no issues which require the unique proficiencies of a Jury in weighing the

evidence, and in rendering credibility determinations.  See, <u>Wallace v. DTG

Operations, Inc.</u>, 442 F.3d 1112, 1118 (8th Cir. 2006), citing <u>Celotex Corp. v. Catrett</u>,

---

[6]The City has argued that the Plaintiff's Section 1983 claim fails, as a matter of
law, because he has not identified a constitutional right that has been violated.  Of
course, it is undeniable that Section 1983 does not confer substantive rights, but
instead, provides a means for redressing violations of rights protected by the
Constitution or Federal law.  See, <u>Wilson v. Spain</u>, 209 F.3d 713, 715 (8th Cir. 2000).

While the Plaintiff has not expressly identified the specific constitutional right
that he alleges has been violated, quite plainly, the Plaintiff is attempting to assert an
excessive force claim under the Fourth Amendment.  <u>Id.</u> ("The Fourth Amendment's
prohibition against unreasonable seizures of the person applies to excessive-force
claims that 'arise[] in the context of an arrest or investigatory stop of a free citizen.'"),
quoting <u>Graham v. Connor</u>, 490 U.S. 386, 394 (1989); <u>Crumley v. City of St. Paul,
Minn.</u>, 324 F.3d. 1003, 1007 (8th Cir. 2003)("The right to be free from excessive force
is a clearly established right under the Fourth Amendment's prohibition against
unreasonable seizures of the person."), quoting <u>Guite v. Wright</u>, 147 F.3d 747, 750 (8th
Cir. 1998).  We are obligated to read the pleadings of <u>pro se</u> litigants liberally, and
accordingly, we find that the Plaintiff's failure to specifically cite the Fourth
Amendment is not fatal, since his allegations have placed the Defendants on notice as
to the nature of the claim he is asserting.  See, <u>Smith v. St. Bernards Reg'l Med. Ctr.</u>,
19 F.3d 1254, 1255 (8th Cir. 1994); <u>Burke v. North Dakota Dept. of Corrections and
Rehab.</u>, 294 F.3d 1043, 1043-44 (8th Cir. 2002).

477 U.S. 317, 327 (1986); <u>Midwest Oilseeds, Inc. v. Limagrain Genetics Corp.</u>, 387 F.3d 705, 711 (8th Cir. 2004), cert. denied, 544 U.S. 977 (2005). Summary Judgment is appropriate when we have viewed the facts, and the inferences drawn from those facts, in a light most favorable to the nonmoving party, and we have found no triable issue. See, <u>Smutka v. City of Hutchinson</u>, 451 F.3d 522, 526 (8th Cir. 2006), citing <u>Mayer v. Nextel W. Corp.</u>, 318 F.3d 803, 806 (8th Cir. 2003), cert. denied, 540 U.S. 823 (2003); <u>Eide v. Grey Fox Technical Servs. Corp.</u>, 329 F.3d 600, 604 (8th Cir. 2003); <u>Philip v. Ford Motor Co.</u>, 328 F.3d 1020, 1023 (8th Cir. 2003).

For these purposes, a disputed fact is "material," if it must inevitably be resolved and the resolution will determine the outcome of the case, while a dispute is "genuine," if the evidence is such that a reasonable Jury could return a Verdict for the nonmoving party. See, <u>Anderson v. Liberty Lobby, Inc.</u>, supra at 248; <u>Planned Parenthood of Minnesota/South Dakota v. Rounds</u>, 372 F.3d 969, 972 (8th Cir. 2004); <u>Fenney v. Dakota, Minnesota & Eastern R.R. Co.</u>, 327 F.3d 707, 711 (8th Cir. 2003).

As Rule 56(e) makes clear, once the moving party files a properly supported Motion, the burden shifts to the nonmoving party to demonstrate the existence of a genuine dispute. In sustaining that burden, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must -- by affidavits

or as otherwise provided in this rule -- set out specific facts showing a genuine issue for trial." Rule 56(e), Federal Rules of Civil Procedure; see also, Anderson v. Liberty Lobby, Inc., supra at 256; Eddings v. City of Hot Springs, Ark., 323 F.3d 596, 601-602 (8th Cir. 2003).

Moreover, the movant is entitled to Summary Judgment where the nonmoving party has failed "to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, supra at 322; see also, Forest Park II v. Hadley, 408 F.3d 1052, 1057 (8th Cir. 2005); Mercer v. City of Cedar Rapids, 308 F.3d 840, 843 (8th Cir. 2002); Hammond v. Northland Counseling Center, Inc., 218 F.3d 886, 891 (8th Cir. 2000). No genuine issue of fact exists in such a case because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, supra at 323; see also, Sallis v. University of Minnesota, 408 F.3d 470, 474 (8th Cir. 2005); Davis v. U.S. Bancorp, 383 F.3d 761, 768 (8th Cir. 2004); Bell Lumber and Pole Co. v. United States Fire Ins. Co., 60 F.3d 437, 441 (8th Cir. 1995).

2.    Legal Analysis.  In order to sustain a claim under Section 1983, a plaintiff must show that the named defendants were directly, and personally, involved

in the illegal acts, or in the policy decision which created the unlawful context for those acts. See, e.g., <u>Beck v. LaFleur</u>, 257 F.3d 764, 766 (8th Cir. 2001); <u>McNair v. Norris</u>, 210 F.3d 379 (8th Cir. 2000)[Table Decision]; <u>Martin v. Sargent</u>, 780 F.2d 1334, 1338 (8th Cir. 1985). Accordingly, the doctrine of <u>respondeat superior</u> does not apply to Section 1983 claims, which means that a municipality -- such as the City -- cannot be held vicariously liable for the alleged constitutional misdeeds of an employee, or subordinate. See, <u>Monell v. Dept. of Social Services of the City of New York</u>, 436 U.S. 658, 694 (1978); <u>Miller v. Compton</u>, 122 F.3d 1094, 1100 (8th Cir. 1997);<u>Kuha v. City of Minnetonka</u>, 365 F.3d 590, 603 (8th Cir. 2003)( "A municipality cannot be held liable solely under §1983 on a respondeat superior theory."), abrogated on other grounds, <u>Szabla v. City of Brooklyn Park</u>, 486 F.3d 385 (8th Cir. 2007), quoting <u>Monell v. Dept. of Social Services of the City of New York</u>, supra; <u>Lux v. Hansen</u>, 886 F.2d 1064, 1067 (8th Cir. 1989);<u>Brockinton v. City of Sherwood, Ark.</u>, 503 F.3d 667, 674 (8th Cir. 2007)("A governmental entity cannot be held vicariously liable for its agent's acts under §1983."); <u>Parrish v. Ball</u>, --- F.3d. ---, 2010 WL 445736 at *2 (8th Cir., February 10, 2010)

A municipality can be liable, under Section 1983, if a plaintiff can prove that the municipality adopted some policy, custom, or practice, which caused a violation

of the Plaintiff's Federal constitutional rights.  See, <u>City of Canton v. Harris</u>, 489 U.S. 378, 386-87 (1989); <u>Lund v. Hennepin County</u>, 427 F.3d 1123, 1125 (8th Cir. 2005); <u>Angarita v. St. Louis County</u>, 981 F.2d 1537, 1546 (8th Cir. 1992)("A municipality may be held liable under Section 1983 only if a municipal custom or policy caused the deprivation of [a] right protected by the constitution or federal laws."); <u>Williams v. Little Rock Municipal Water Works</u>, 21 F.3d 218, 223 (8th Cir. 1994)("[M]unicipal governments can be held liable for the acts of their employees in contravention of the civil rights of individuals only upon a showing that a 'policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers' is the motivating force behind the acts of those employees."), quoting <u>Monell v. Dept. of Social Services of the City of New York</u>, supra at 690.

A plaintiff is not required to specifically plead the existence of an unconstitutional policy or custom, see, <u>Crumpley-Patterson v. Trinity Lutheran Hospital</u>, 388 F.3d 588, 591 (8th Cir. 2004), citing <u>Doe v. School Dist. of Norfolk</u>, 340 F.3d 605, 614 (8th Cir. 2003), but a failure to include "any allegations, reference, or language by which one could begin to draw an inference that the conduct complained of * * * resulted from an unconstitutional policy or custom," will render a Complaint defective.  <u>Id.</u>  Moreover, "a single incident is not sufficient to establish * * * a

policy." <u>Ouzts v. Cummings</u>, 825 F.2d 1276, 1278 (8th Cir. 1987); see also, <u>Mann v. Yarnell</u>, 497 F.3d 822, 828 (8th Cir. 2007); <u>Davison v. City of Minneapolis, Minn.</u>, 490 F.3d 648, 659 (8th Cir. 2007), citing <u>Oklahoma City v. Tuttle</u>, 471 U.S. 808, 823-24 (1985).

As noted, the City argues that the Plaintiff has not established a viable Section 1983. We agree. "Under Monell, there must be an identified municipal policy or custom." <u>Schaub v. County of Olmsted</u>, 656 F. Supp.2d 990, 997 (D. Minn. 2009), citing <u>Dick v. Watonwan County</u>, 738 F.2d 939, 943 (8th Cir. 1984). Stated another way, "a municipality is responsible only if an injury is inflicted because of execution of a governmental policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." <u>Id.</u> [internal quotation omitted]. There must be "an official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters," which must serve as the "moving force behind the constitutional violation." <u>Mettler v. Whitledge</u>, 165 F.3d 1197, 1204 (8th Cir. 1999)[quotations omitted]; <u>Smith v. Watkins</u>, 159 F.3d 1137, 1138 (8th Cir. 1998).

Here, the Plaintiff has not alleged, let alone offered any evidence of, an official policy that may have led to the purported constitutional violations. Rather, the

Plaintiff has merely alleged that the Officers used forced against him because they were angry that he would not pull over for them. Therefore, we are obligated to conclude that the Plaintiff has failed to make any showing, as required to establish municipal liability, based upon an assertedly unlawful policy.

Likewise, the Plaintiff has not suggested, let alone supported, any unlawful custom, for which the City could be held liable. "A municipal custom is a practice of municipal officials that is not authorized by written law, but which is 'so permanent and well-settled * * * as to have the force of law.'" Russell v. Hennepin County, 420 F.3d 841, 849 (8th Cir. 2005), quoting Harris v. City of Pagedale, 821 F.2d 499, 504 N.7 (8th Cir. 1987); McGautha v. Jackson County, Mo. Collections Dep't, 36 F.3d 53, 56 (8th Cir. 1994), cert. denied, 515 U.S. 1133 (1995).

In order to prove that a custom exists, a Plaintiff must show (1) a widespread and persistent pattern of unconstitutional misconduct by government employees; (2) deliberate indifference to, or tacit authorization of, that conduct, and (3) that the custom was the moving force in the plaintiff's injury. See, Mettler v. Withledge, supra at 1204. Here, the Plaintiff has alleged nothing more than a single instance of allegedly unconstitutional conduct, but a single incident, by itself, is insufficient to support an inference of an unlawful custom or practice. See, McGautha v. Jackson

Count, supra at 57("Liability for an unconstitutional custom or usage * * * cannot arise from a single act."); see also, <u>Wedemeier v. City of Ballwin</u>, 931 F.2d 24, 26 (8th Cir. 1991)("An isolated incident of police misconduct by subordinate officers is insufficient to establish municipal policy or custom."); <u>Mann v. Yarnell</u>, supra at 828. Since the Plaintiff has advanced nothing more than a single deviation from the constitutional norm, he has failed to establish municipal liability by virtue of a custom or usage, on the part of the City.

Therefore, with respect to his suit against the City, the Plaintiff has failed to present any allegations, let alone evidence, of an official policy, or widespread custom, that has resulted in a violation of his rights.[7]  Indeed, it appears that the Plaintiff is attempting to assert vicarious liability against the City but, as we have previously addressed, such a remedy is not available to him.  Accordingly, we conclude that the Plaintiff has failed to establish a viable Section 1983 action, and therefore, we recommend the Defendants' Motion be granted.

––––––––––––––––––

[7]We have assumed, without deciding, that the Officers acted unlawfully in carrying out the arrest of the Plaintiff, since neither party has addressed whether the Officers employed unlawful force against the Plaintiff.  While we have grave doubts that the Plaintiff could establish such a claim, in the event that the other defects in his filings did not exist, at least on the Record presented, that issue is not squarely before us.

NOW, THEREFORE, It is --

RECOMMENDED:

That the Defendants' Motion to Dismiss, or for Summary Judgment [Docket No. 15] be GRANTED, as detailed more fully in the text of this Report.


Dated:  February 26, 2010                          *s/Raymond L. Erickson*
                                                    Raymond L. Erickson
                                                    CHIEF U.S. MAGISTRATE  JUDGE


## NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than March 12, 2010,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than March 12, 2010,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.